UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JESUS ALAMAN
and other similarly-situated individuals,

    Plaintiff(s),

v.

UNCLE TOM'S BBQ PALM AVENUE, INC.
and ARIEL RODRIGUEZ, individually

    Defendants,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, JESUS ALAMAN, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants UNCLE TOM'S BBQ PALM AVENUE, INC. and ARIEL RODRIGUEZ, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JESUS ALAMAN is a resident of Miami-Dade County, Plaintiff is a covered employee for purposes of the Act.

3. Defendant UNCLE TOM'S BBQ PALM AVENUE, INC. (hereinafter UNCLE TOM'S BBQ, or Defendant) is a Florida corporation, having place of business in Miami, Dade County, Florida, where Plaintiff worked for Defendant. At all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant ARIEL RODRIGUEZ was and are now, the owners and Director of Defendant Corporation UNCLE TOM'S BBQ.

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JESUS ALAMAN to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant UNCLE TOM'S BBQ is a BBQ restaurant located at 2200 Palm Avenue, Hialeah 33010.

8. Defendant UNCLE TOM'S BBQ employed Plaintiff JESUS ALAMAN as a non-exempt restaurant employee approximately from approximately January 25, 2015 to April 01, 2016, or 61 weeks.

9. Plaintiff was hired to work as a Cook and to do general Kitchen work with a salary of $600.00 for a week of 50 hours.  On or about May 2015 Plaintiff's salary increased to $700.00.

10. Plaintiff's duties included, cooking, cleaning and general kitchen work.

11. During his relevant employment period with Defendant, Plaintiff maintained a regular schedule.  Plaintiff worked 6 days per week. From Monday to Thursday Plaintiff worked from 10:00 AM to 10:00 PM. (12 hours each day); on Fridays and Saturdays Plaintiff worked from 10:00 AM to 11:00 PM (13 hours each day) for a total of 59 hours weekly (Plaintiff has deducted 3 lunch hours taken for 3 days per week, usually from Tuesday to

Wednesday). Additionally, during 2016, Plaintiff worked every month at least one Sunday from 11:00 AM to 6:00 PM (7 hours each Sunday).

12. Plaintiff worked in excess of 40 hours, however he was not paid for overtime hours according to the overtime provisions of the Fair Labor Standards Act.

13. Defendant did not use any time-keeping method, and did not keep track of hours worked by Plaintiff and other employees similarly situated.

14. Plaintiff was paid with checks bi-weekly without any paystub providing basic information such as wage rate, real number of hours worked, employment taxes withheld, etc.

15. Defendant failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate, in violation of FLSA provisions.

16. On or about April 01, 2016 Plaintiff resigned from his employment because he was not being paid in a timely fashion. Defendant still owe to Plaintiff one week of salary, or $700.00.

17. Plaintiff JESUS ALAMAN seeks to recover 10 hours of half time overtime; 9 hours of overtime at the rate of time and a half his regular rate; at least 21 hours worked on 3 Sundays on 2016, that never were paid to him. Plaintiff also intend to recover one week of unpaid wages or $700.00, as well as any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**

**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

19. Plaintiff UNCLE TOM'S BBQ re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This cause of action is brought by Plaintiff JESUS ALAMAN as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2014, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

21. Defendant UNCLE TOM'S BBQ was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A). Defendant is a retail businesses, operating as restaurant, and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

22. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

23. Defendants UNCLE TOM'S BBQ, and ARIEL RODRIGUEZ employed Plaintiff JESUS ALAMAN as a non-exempt restaurant employee approximately from approximately January 25, 2015 to April 01, 2016, or 61 weeks.

24. Plaintiff was hired to work as a Cook and to do general Kitchen work with a salary of $600.00 for a week of 50 hours. On or about May 2015 Plaintiff's salary increased to $700.00.

25. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule. Plaintiff worked 6 days per week. From Monday to Thursday Plaintiff worked from 10:00 AM to 10:00 PM. (12 hours each day); on Fridays and Saturdays Plaintiff worked from 10:00 AM to 11:00 PM (13 hours each day) for a total of 59 hours weekly (Plaintiff has deducted 3 lunch hours taken for 3 days per week, usually Tuesday to Wednesday). Additionally, during 2016, Plaintiff worked every month at least one Sunday from 11:00 AM to 6:00 PM (7 hours each Sunday).

26. Defendants did not keep track of hours worked by Plaintiff and other employees similarly situated. Plaintiff was paid for 50 hours at his regular rate. The remaining 9 hours, were not paid at any rate.

27. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

28. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees similarly situated.

29. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

30. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

  a. <u>Total amount of alleged unpaid O/T wages</u>:

  Fifteen Thousand Seven Hundred Fifty Nine Dollars and 00/100 ($15,759.00)

  b. <u>Calculation of such wages</u>:

  Relevant weeks of employment: 61 weeks

   i. **<u>Overtime from 1/25/2015 to 4/30/2015= 13 weeks paid at $12.00 an hour</u>**

   Total hours worked:  59 hours
   Paid weekly: $600.00 x 50 hours of work
   Regular rate: $600.00:50 hours=$12.00 x 1.5=$18.00 O/T rate,
   Half time $6.00

   Half time rate $6.00 x 10 hours=$60.00 weekly x 13 weeks=$780.00
   O/T rate $18.00 x 9 O/T hours=$162.00 weekly x 13 weeks=$2,106.00

    ii. **Overtime from 5/1/2015 to 4/01/2016= 48 weeks paid at $14.00 an hour**

Paid Weekly:  $700.00
Total hours worked:  59 hours
Paid weekly: $700.00 x 50 hours of work
Regular rate: $700.00:50 hours=$14.00 x 1.5=$21.00 O/T rate,
Half time $7.00

Half time rate $7.00 x 10 hours=$70.00 weekly x 48 weeks=$3,360.00
O/T rate $21.00 x 9 O/T hours=$189.00 weekly x 48 weeks=$9,072.00

    iii. **Overtime from 01/01/2016 to 04/01/16= 7 hours x 3 Sundays= 21 O/T hours**

O/T rate $21.00 x 21 O/T hours=$441.00

Total overtime i, ii, and iii:  $15,759.00

<u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid half-time overtime wages for 10 hours weekly and Time and a half overtime for 9 hours weekly

31. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

32. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

33. At the times mentioned, individual Defendant ARIEL RODRIGUEZ was the owner/partner/manager of UNCLE TOM'S BBQ.  Defendant ARIEL RODRIGUEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of UNCLE TOM'S BBQ in relation to its employees, including Plaintiff and others similarly situated. Defendant ARIEL RODRIGUEZ had financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

34. Defendants UNCLE TOM'S BBQ, and ARIEL RODRIGUEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

35. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JESUS ALAMAN and those similarly-situated respectfully requests that this Honorable Court:

 A. Enter judgment for Plaintiff JESUS ALAMAN and other similarly-situated individuals and against the Defendants UNCLE TOM'S BBQ, and ARIEL RODRIGUEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

 B. Award Plaintiff JESUS ALAMAN actual damages in the amount shown to be due for

unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff JESUS ALAMAN demands trial by jury of all issues triable as of right by jury.

Dated:  June 23, 2016                        ,

        Respectfully submitted

        By:  **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*